UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
::::::::::::
LOUIS DAVID SFERRZZA,

                                 Plaintiff,

                -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-------------------------------------------------------------x

18-CV-6951 (JGW)(OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

By motion dated February 1, 2021, plaintiff Louis David Sferrzza ("Plaintiff") moves for an Order awarding attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF 25). Pursuant to a written contingency fee agreement ("Agreement") between Plaintiff and Daniel Berger, Esq., dated March 12, 2018, Plaintiff agreed to pay Mr. Berger twenty-five percent of his past due benefits pursuant to 42 U.S.C. § 406(b). (ECF 27 at 4). By Notice of Award, dated June 20, 2020, the Social Security Administration ("SSA") withheld twenty-five percent of the past due benefits in order to pay the approved representative's fee. (ECF 26 at Ex.3). The SSA in this case withheld $31,190.25, equaling a total award of $124,761[1]. (ECF 26 at Ex. 3).

The present motion asks the Court to approve an award of $27,750, approximately twenty-two percent of the past due benefits.[2] (*See* ECF 26 at ¶ 9-10); ECF 27 at 5). Because Plaintiff is entitled to a $3,600 credit for the attorney's fees previously paid to Plaintiff's counsel

---

[1] Twenty-five percent of total award  is$124,761 ($31,190.25 x4 = $124,761).
[2] Twenty-two percent of $124,761 is $27,447.42. ($124,761 x.20 = $27,447.42).

under the Equal Access to Justice Act ("EAJA"), Plaintiff's counsel now only seeks $23,550 in payment. (ECF 26 at ¶ 10). The Commissioner does not object to the total requested fee amount, but argues that Plaintiff's counsel's request for a "net amount reduced by the EAJA fees previously paid" violates 42 U.S.C. § 406(b) and Supreme Court precedent. (ECF 28 at 2). For the reasons set forth below, Plaintiff's motion is **GRANTED** insofar as the SSA is directed to approve a payment of $27,750 to the Law Offices of Daniel Berger, Esq., and upon receipt of that payment, Mr. Berger shall refund $3,600 to Plaintiff.

II. Discussion

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceed

the 25% limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall"[3] to counsel. *Wells*, 907 F.2d at 372; *see, e.g.*, *Annabi v. Comm'r of Soc. Sec.*, 16-CV-9057 (BCM), 2020 WL 1819783, at *1 (S.D.N.Y. Apr. 9, 2020).

Here, these factors all weigh in favor of Plaintiff's request for approval of approximately 22% contingency fee. The requested fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A); (*see* ECF 27 at 1-4). There is no evidence that the Agreement was reached through fraud or overreaching. (ECF 27 at 2). Additionally, the fee award does not constitute a windfall to Mr. Berger, who spent 18.5 hours on work related to this matter, which is a reasonable amount of time for the work expended. (ECF 27 at 2); *see Borus v. Astrue*, 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (noting courts find "twenty to forty hours" to be a "reasonable amount of time to spend on routine Social Security cases"). Plaintiff's counsel's work did not delay this matter and ultimately achieved success in reversing the Commissioner's decision and obtaining benefits for Plaintiff, despite the case requiring multiple hearings and appeals. (ECF 27 at 2).The Defendant suggest that the fee here would result in a windfall because the fee requested divided by the number of hours expended on the case would result in an hourly rate of approximately $1,500. (ECF 28 at 2). However, Plaintiff argues that counsel should not be penalized for their experience. *See Maier v. Apfel*, 95-CV-9264 (JGK), 1998 WL 401536, at *2 (noting "[t]he plaintiff's counsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same

---

[3] Windfall is defined as an unanticipated benefit, usually in the form of a profit and not caused by the recipient. Bryan A. Garner, *Black's Law Dictionary*, 1594 (1999).

work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.").

As discussed, Plaintiff's counsel does explicitly acknowledge that he must return to Plaintiff the $3,600 that he was previously paid under the EAJA. (ECF 26 at ¶ 10); *see Gisbrecht*, 535 U.S. at 794 (noting fee awards may be made under both § 406(b) and the EAJA). It is important that "the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Id*. Instead of subtracting the previously paid amount of $3,600 from the total award, the Court instead awards Plaintiff's counsel $27,750, and mandates that counsel refund Plaintiff the $3,600 already paid in EAJA fees, pursuant to *Gisbrecht*. *Id.*

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED**. The SSA is directed to approve a payment of **$27,750** to the Law Offices of Daniel Berger, Esq. Upon receipt of payment, Daniel Berger, Esq., shall promptly refund $3,600 to Plaintiff. The Clerk of Court is respectfully directed to close ECF 25.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: March 24, 2023  
New York, New York

**Ona T. Wang**  
United States Magistrate Judge

4